IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELBERT DAVIS                                                                                       PETITIONER

V.                                                                                   NO. 4:19-CV-00161-DMB-RP

RONALD KING, and
ATTORNEY GENERAL JIM HOOD                                                          RESPONDENTS

## REPORT AND RECOMMENDATION

This matter comes before the court on the *pro se* petition of Elbert Davis for a writ of habeas corpus under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner failed to respond and the time for doing so has passed. The matter is now ripe for resolution. For the reasons set forth below, the undersigned recommends that the State's motion to dismiss be granted, and that the instant petition for a writ of habeas corpus be dismissed as untimely filed.

## Habeas Corpus Relief Under 28 U.S.C. § 2254

The writ of habeas corpus, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of habeas corpus shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the

Judiciary Act of 1789. Habeas corpus principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. (emphasis omitted). Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311 (1915) (emphasis added).

## **Procedural Posture**

Petitioner Elbert Davis is currently in the custody of the Mississippi Department of Corrections and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Doc. #2. Davis was convicted of sexual battery in the Circuit Court of Washington County, Mississippi, and sentenced on January 6, 2014, to a term of twenty-two years and six months, in addition to the time he had already served. Doc. #11-1.

Davis' conviction and sentence were affirmed by the Mississippi Court of Appeals on August 4, 2015. *See* Doc. # 11-7; *Davis v. State*, 183 So.3d 112 (Miss. Ct. App. 2015), *reh'g denied* (Nov. 24, 2015), *cert. denied*, 181 So.3d 1010 (Miss. 2016). Davis moved for rehearing of the court of appeals' decision, but his motion was denied on November 24, 2015. Doc. #11-9. Davis then sought certiorari review which the Mississippi Supreme Court denied on January 28, 2016. *Id.* Davis did not seek certiorari review with the United States Supreme Court.

On October 26, 2017, Davis signed an "Application for Leave to Proceed in the Trial Court," along with a "Motion for Post-Conviction Collateral Relief," which was stamped as "filed" in the Mississippi Supreme Court on October 30, 2017. Doc. #11-10. Davis' motion was denied in part and dismissed in part by Order of the Mississippi Supreme Court filed on February 21, 2018. *Id.* Within that order, the Mississippi Supreme Court found that some issues raised were subject to procedural bars and the remaining issues were without merit. *Id.*

Many months later, on November 20, 2018, Davis filed a second "Application for Leave to Proceed in the Trial Court," along with a "Motion for Post-Conviction Collateral Relief." *Id.* That application was denied by Order of the Mississippi Supreme Court on February 14, 2019. *Id.* In its order, the Mississippi Supreme Court found that, because Davis raised the same issues as those raised in his first application, his second application "should be denied as a subsequent writ." *Id.* On March 21, 2019, Davis signed an application for post-conviction relief, which was stamped as "filed" in the Mississippi Supreme Court on March 27, 2019. Doc. # 11-11. Upon review, the Mississippi Supreme Court construed this application as a motion for reconsideration, which it then denied. *Id.*

On August 29, 2019, Davis submitted a third "Application for Leave to Proceed in the Trial Court," along with a "Motion for Post-Conviction Collateral Relief," which was stamped as "filed" in the Mississippi Supreme Court on September 6, 2019. Doc. #11-10. By Order dated September 19, 2019, the Mississippi Supreme Court denied Davis' application finding it to be both time-barred and barred as a successive writ. *Id.*

Davis filed the instant petition for federal habeas corpus relief on October 31, 2019. Doc. #2. On November 6, 2019, the undersigned entered an order directing the respondents to answer Davis' petition on or before January 20, 2020. Doc. #5. Subsequently, on January 14,

3

2020, the State moved to dismiss Davis' petition as untimely. Doc. #10. To date, no response has been filed.

## **Discussion**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether the State's motion to dismiss should be granted turns on the statute's limitation period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period of time to seek it." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Davis did not seek certiorari review, his judgment became "final" for purposes of the AEDPA, and the federal limitations period began to run, on April

4

27, 2016, which is ninety days after the Mississippi Supreme Court denied Davis' petition for certiorari review in that court (January 28, 2016, plus 90 days).[1] *See* 28 U.S.C. § 2101; *Gonzales v. Thaler*, 565 U.S. 134, 149 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court expires"); Sup. Ct. R. 13.1 (allowing ninety (90) days to seek certiorari review of a judgment entered by a state court of last resort). Thus, absent statutory or equitable tolling, Davis' federal habeas petition must have been filed on or before April 27, 2017, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment becomes final).

Davis must have filed an application for post-conviction relief on or before April 27, 2017, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Davis submitted three petitions for post-conviction relief in the Mississippi Supreme Court. The first of Davis' petitions was not filed until October 30, 2017; the second on November 20, 2018; and the third on September 6, 2019. As the first of his applications was not filed until October 30, 2017, almost six months *after* the federal limitations period had expired, Davis' instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Davis' federal habeas petition was signed on October 31, 2019, and stamped as "filed online" on that same date. Davis, therefore, filed the instant petition more than two and a half

---

[1] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

years after the April 27, 2017, deadline for filing said petition. Consequently, absent equitable tolling, his petition is barred by the statute of limitations.

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

While Davis does not specifically argue for the application of equitable tolling in his petition, he does contend that his untimeliness should be excused because he has been "waiting on ruling from courts." Doc. #2. Davis, however, waited more than a year and half after his conviction and sentence were affirmed on direct appeal before seeking post-conviction relief in state court. Such a delay falls far short in showing that he pursued his rights diligently. Nor has Davis identified any extraordinary circumstance which prevented him from filing the instant petition. Accordingly, equitable tolling is not warranted in this case.

**Conclusion**

For the reasons set forth above, the undersigned recommends that the State's motion to dismiss be granted, and that the instant petition for a writ of habeas corpus be dismissed as untimely filed. The undersigned further recommends that no certificate of appealability should issue in this cause.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are

found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 19th day of February, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE